Matter of City of Plattsburgh (Plattsburgh Permanent Firemen's Assn.) (2019 NY Slip Op 05368)





Matter of City of Plattsburgh (Plattsburgh Permanent Firemen's Assn.)


2019 NY Slip Op 05368


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

527793

[*1]In the Matter of the Arbitration between CITY OF PLATTSBURGH, Appellant, and PLATTSBURGH PERMANENT FIREMEN'S ASSOCIATION, Respondent.

Calendar Date: March 19, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Coughlin & Gerhart, LLP, Binghamton (Robert H. McKertich of counsel), for appellant.
Satter Law Firm, Syracuse (Sarah E. Ruhlen of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Powers, J.), entered June 7, 2018 in Clinton County, which, among other things, denied petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.
Petitioner and respondent, the local firefighters' union, entered into a collective bargaining agreement (hereinafter CBA) for a term running from January 1, 2004 to December 31, 2007 [FN1]. The CBA included provisions that, among other things, prohibited layoffs, required minimum staffing levels of 36 firefighters and obligated petitioner to fill vacancies to maintain the agreed-upon minimum staffing levels. The CBA also provided for resolution of disputes concerning the interpretation, application or claimed violation of any provision of the CBA pursuant to a series of steps, culminating in arbitration before the Public Employment Relations Board if the parties were to reach a stalemate.
In 2010, a firefighter resigned, reducing the total number of firefighters employed by petitioner to 35. When petitioner did not immediately fill the vacant position, respondent filed a grievance. In June 2011, after the parties completed the specified grievance procedure, they negotiated a resolution prior to arbitration by entering into a memorandum of agreement (hereinafter the MOA), which provided that, where "separation of an employee results in [petitioner employing] less than 36 firefighters, [petitioner] shall have 45 days to hire a [*2]replacement." The MOA further provided that, if petitioner failed to timely fill any such vacancy, it would replace the position utilizing the non-emergency call-in procedure.
In June 2017, a firefighter retired, again reducing the number of firefighters employed by petitioner to 35. Petitioner refused to fill the vacant position, citing significant financial and budgetary constraints. As relevant here, after the grievances it filed with petitioner were denied, respondent served a demand for arbitration. Petitioner commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration, and respondent answered and sought to compel arbitration. Supreme Court denied petitioner's application and granted respondent's motion to compel [FN2]. Petitioner appeals.
Inasmuch as the MOA supplements the provisions of the CBA that we have determined constitute a job security clause (Matter of City of Plattsburgh [Plattsburgh Permanent Firemen's Assn.], ___ AD3d ___ [appeal No. 527791, decided herewith]), we conclude that the MOA is not arbitrable for the reasons set forth in that decision.
Lynch, J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is reversed, without costs, petitioner's application to permanently stay arbitration granted and respondent's motion to compel arbitration denied.



Footnotes

Footnote 1: The terms of the CBA continue in effect following the expiration of its term because the parties have not yet entered into a successor agreement (see Civil Service Law § 209-a [1] [e]).

Footnote 2: In a separate proceeding, Supreme Court granted respondent's motion to compel arbitration of a dispute arising from the CBA regarding petitioner's obligations to fill vacant firefighter positions. Petitioner has appealed from that order (Matter of City of Plattsburgh [Plattsburgh Permanent Firemen's Assn.], ___ AD3d ___ [appeal No. 527791, decided herewith]).